**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HOY CHAN,<br><br>        Plaintiff,<br><br>  v.<br><br>ORRY MARCIANO, et al.,<br><br>        Defendants. | Case No. EDCV 16-2513 R (SS)<br><br>**MEMORANDUM AND ORDER**<br><br>**DISMISSING COMPLAINT WITH**<br><br>**LEAVE TO AMEND** |

**I.**

**INTRODUCTION**

On December 6, 2016, Plaintiff Hoy Chan ("Plaintiff"), a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 et seq. (the "Complaint"). (Dkt. No. 1).

Congress mandates that the court screen, as soon as practicable, "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of

a governmental entity." 28 U.S.C. § 1915A(a). The court may dismiss such a complaint, or any portion of it, before service of process if the court concludes that the complaint (1) is frivolous or malicious, (2) fails to state a claim upon which relief can be granted, or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). For the reasons stated below, the Complaint is DISMISSED with leave to amend.[1]

## II.

### ALLEGATIONS OF THE COMPLAINT

Plaintiff names the following Chuckawalla Valley State Prison ("CVSP") employees as defendants in their official and individual capacities: (1) physician's assistant, Orry Marciano ("Marciano"); (2) Nurse Beatres; (3) Correctional Officer Anderson ("Anderson"); and (4) Correctional Officer Calvillo ("Calvillo") (collectively "Defendants"). (Compl. at 3-4).

Plaintiff alleges that Marciano engaged in the "unauthorized practice of medicine" by prescribing medication to Plaintiff without being a "real doctor" or making a diagnosis. (Id. at 3, 5). As a result of Marciano's treatment, Plaintiff has become "weak" and his "breathing problem" has deteriorated. Nurse Anderson ignored Plaintiff's medical "needs" and yelled at Plaintiff. (Id. at 3).

---

[1] Magistrate Judges may dismiss a complaint with leave to amend without approval of the District Judge. See McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

2

Plaintiff allegedly made a work accommodation request to Anderson and Calvillo in order to avoid working with chemicals because of Plaintiff's respiratory disability. (Id. at 4). Plaintiff informed Calvillo that he uses "a breathing machine and the chemicals are killing me." (Id. at 4). Anderson and Cavillo did not follow the "operational procedure" or restrict Plaintiff's exposure to chemicals. (Id. at 4-5).

Records attached to the Complaint indicate that a physician's assistant[2] evaluated Plaintiff on October 18, 2016. (Id. at 7).[3] The evaluation was conducted because Plaintiff filed a work accommodation request. (Id. at 3-5, 7, 12). After the evaluation, the physician's assistant allegedly informed Plaintiff that he was not disabled because his "activities of daily living" were not limited. (Id. at 7).

Plaintiff claims that Defendants were deliberately indifferent to his serious medical needs and denied Plaintiff's work accommodation request in disregard of his respiratory disability. (Id. at 3-6). Plaintiff seeks an injunction requiring Defendants to provide the "right medical care" and follow the "operational procedure," and he requests that the Court "investigate" the alleged "unconstitutional medical care" at CVSP. (Id. at 6).

---

[2] The records do not identify the physician's assistant by name.

[3] The Court refers to the documents attached to the Complaint as if they were part of the Complaint and consecutively paginated.

# III.

# DISCUSSION

Pursuant to 28 U.S.C. § 1915A(b), the Court dismisses the Complaint due to defects in pleading. A pro se litigant in a civil rights case, however, must be given leave to amend his or her complaint unless "it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment." See Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation and internal quotation marks omitted). Accordingly, the Complaint is dismissed with leave to amend.

**A. Plaintiff Fails To State An Eighth Amendment Claim For Deliberate Indifference To Serious Medical Needs**

Plaintiff alleges that Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. Defendants allegedly failed to provide adequate medical care for Plaintiff's respiratory disability, which caused Plaintiff's health to deteriorate. (Compl. at 3-6). However, Plaintiff's deliberate indifference claim is defective.

To maintain an Eighth Amendment claim based on a prisoner's medical treatment, the prisoner must demonstrate that the defendant was "deliberately indifferent" to his "serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); see also West v. Atkins, 487 U.S. 42, 49 (1988). To establish a "serious medical need," the prisoner must demonstrate that "failure to treat a

prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" Jett, 439 F.3d at 1096 (citation omitted). A prisoner must show that the deprivation that he suffered was "objectively, sufficiently serious." Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006).

To establish "deliberate indifference," a prisoner must demonstrate "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Id. Deliberate indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. (citations omitted). The defendant must have been subjectively aware of a serious risk of harm and must have consciously disregarded that risk. See Farmer v. Brennan, 511 U.S. 825 (1994). Further, an "isolated exception" to a defendant's "overall treatment" of a prisoner does not state a deliberate indifference claim. Jett, 439 F.3d at 1096. Mere malpractice or negligence in the provision of medical care does not establish a constitutional violation. Simmons v. Navajo Cnty. Ariz., 609 F.3d 1011, 1019 (9th Cir. 2010). Additionally, a mere difference of opinion in the form or method of treatment does not amount to a deliberate indifference of plaintiff's serious medical needs. Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004).

Here, the Complaint does not adequately allege that Plaintiff had a "serious medical need." Rather, Plaintiff refers to an

unspecified "disability;" claims that he is "weak;" and alleges that his "breathing problem is getting worst [sic]." (Compl. at 3-5). These vague allegations fail to demonstrate a significant injury or unnecessary and wanton infliction of pain. Jett, 439 F.3d at 1096.

Moreover, the Complaint does not sufficiently allege "deliberate indifference," i.e., a purposeful act or failure to respond to an objectively serious medical need and harm caused by the indifference. The Complaint does not assert that any particular Defendant was subjectively aware of a risk of harm to Plaintiff and consciously disregarded that risk. On the contrary, the Complaint indicates that Defendants treated Plaintiff's symptoms with medicine and a "breathing machine. (Id. at 3-5).

The Complaint does not contain any dates explaining when the alleged incidents occurred and which Defendants were involved on what date. The Complaint also does not sufficiently explain Plaintiff's condition (e.g., the specific diagnosis, severity of the condition, and how it has progressed) and in what manner have Defendants' actions affected Plaintiff's condition. Instead, the Complaint vaguely alleges that Plaintiff had a disability and Defendants' unspecified actions and inactions made his disability "worse." (Compl. at 3-5). Additionally, Nurse Beatres' conduct does not rise to the level of a constitutional violation because the Complaint merely alleges that she lacked compassion and yelled at Plaintiff. (Id. at 3).

In sum, the Complaint acknowledges that Defendants took affirmative steps to investigate and treat Plaintiff's complaints. The Complaint does not meet the high burden needed to sufficiently allege a deliberate indifference to serious medical needs claim. Accordingly, Plaintiff's deliberate indifference claims are dismissed with leave to amend.

**B.     Plaintiff Fails To State A Claim Under The ADA**

Plaintiff claims that Defendants declined to (1) medically treat and (2) authorize a work accommodation for Plaintiff's alleged respiratory disability. (Compl. at 3-6).

In order to be considered disabled under the ADA, a plaintiff must either have: "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) [be] regarded as having such an impairment." 42 U.S.C. § 12102(2).

Here, Plaintiff alleges that he is disabled under the ADA because of an alleged respiratory condition. (Compl. at 3-6). However, Plaintiff also provides documentation establishing that CVSP medical staff examined Plaintiff and found "no restrictions or limitations in [his] ability to perform [his] Activities of Daily Living . . . " (Id. at 3-5, 9). In order to allege that Plaintiff is disabled under the ADA, he must state facts demonstrating that he has been diagnosed with a condition that limits his life activities. Bragdon v. Abbott, 524 U.S. 624, 631

(1998); Gaines v. Diaz, No. 1:13-CV-01478-MJS, 2014 WL 4960794, at *6 (E.D. Cal. Oct. 1, 2014) (Plaintiff's claim that he "suffered from unspecified lower body mobility and pain conditions [did] not alone demonstrate a disability."). Accordingly, Plaintiff has not alleged facts to demonstrate that he is disabled under the ADA.

Assuming that Plaintiff is disabled, he still has not alleged facts to establish a claim under the ADA. Title I of the ADA prohibits discrimination "against a qualified individual on the basis of disability in regard to . . . [the] privileges of employment." 42 U.S.C. § 12112(a); Castle v. Eurofresh, Inc., 731 F.3d 901, 906 (9th Cir. 2013). Plaintiff has not alleged sufficient facts to show whether he worked voluntarily or was employed by the prison. In any amended complaint, Plaintiff must clarify his allegations.

Moreover, claims under the ADA based solely on inadequate or negligent medical treatment do not necessarily state a claim. Simmons, 609 F.3d at 1021-22 ("The ADA prohibits discrimination because of disability, not inadequate treatment for disability"). Here, Plaintiff does not allege that he was denied medical treatment because of his respiratory disability. Instead, Plaintiff claims that Defendants provided substandard care. Prisons are subject to the ADA. See Armstrong v. Brown, 732 F.3d 955, 1072 (9th Cir. 2013). However, the Court cannot determine from the current complaint the nature of Plaintiff's ADA claim. Accordingly, Plaintiff's claims under the ADA are dismissed with leave to amend.

C.   **The Complaint Violates Rule 8**

Plaintiff's Complaint does not comply with the standards of Federal Rule of Civil Procedure 8. See Fed. R. Civ. P. 8. Rule 8(a)(2) "'requires only a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1); see also Knapp v. Hogan, 738 F.3d 1106, 1109 (9th Cir. 2013) (pleading may violate Rule 8 in "multiple ways," including by saying "too little" or "too much").

Here, the Complaint does not give Defendants fair notice of what Plaintiff's claims are and the grounds upon which they rest. The Complaint states far "too little" and does not provide enough detail regarding Defendants' alleged actions or inactions. For example, although the Complaint states that CO Anderson did not follow "operational procedure," the Complaint does not explain what this procedure is and what Defendants should have done differently. (Compl. at 3-5). Moreover, the mere failure to follow a state regulation, with nothing more, does not equate to a constitutional violation. See Estate of Ford v. Ramirez-Palmer, 301 F.3d 1043, 1051-53 (9th Cir. 2002) (finding defendant's negligent failure to follow prison procedures did not itself constitute an Eighth Amendment violation). Plaintiff must allege and explain how Defendant's conduct violated his constitutional rights.

Accordingly, the Complaint is dismissed with leave to amend for failure to meet the pleading standards of Rule 8.

**D.     Plaintiff's Official Capacity Claims Are Defective**

Plaintiff sues Defendants under section 1983 in both their official and individual capacities. (Compl. at 3-4). However, the Eleventh Amendment bars Plaintiff's official capacity claims.

Pursuant to the Eleventh Amendment, a state and its official arms are immune from suit under section 1983. See Howlett v. Rose, 496 U.S. 356, 365 (1990); Brown v. Cal. Dept. of Corrections, 554 F.3d 747, 752 (9th Cir. 2009) ("California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court"). "A suit against a state official in his or her official capacity . . . is no different from a suit against the State itself." Flint v. Dennison, 488 F.3d 816, 824-25 (9th Cir. 2007) (citation omitted).[4] Thus, state officials sued for damages in their official capacity are generally entitled to immunity. Id. at 825.

Notwithstanding, when state officials are sued in their official capacity for prospective injunctive relief under section 1983, they are considered "individuals" not immune from suit. Id.

---

[4] Because official capacity claims are "in all respects other than name" suits against the government entity, Plaintiff's claims here against Defendants in their official capacity are claims against the California Department of Corrections and Rehabilitation, i.e., the California state government. Kentucky v. Graham, 473 U.S. 159, 166 (1985).

(citing Kentucky v. Graham, 473 U.S. 159, 167 n.14 (1985)). The Eleventh Amendment does not bar such claims. Id. However, as noted above, Plaintiff does not appear to bring any claims for prospective, i.e., future injunctive relief. Thus, this exception is inapplicable. Accordingly, Plaintiff's official capacity claims must be dismissed.

## IV.
## CONCLUSION

For the reasons stated above, the Complaint is dismissed with leave to amend. If Plaintiff still wishes to pursue this action, he is granted **thirty (30) days** from the date of this memorandum and Order within which to file a First Amended Complaint. In any amended complaint, Plaintiff shall cure the defects described above.

**Furthermore, Plaintiff shall omit any claims or allegations that are not reasonably related to the claims asserted in the Complaint but shall instead attempt to cure the deficiencies addressed in this Order.** The First Amended Complaint, if any, shall be complete in itself and shall bear both the designation "First Amended Complaint" and the case number assigned to this action. It shall not refer in any manner to the original Complaint.

In any amended complaint, Plaintiff should confine his allegations to the operative facts supporting each of his claims. Plaintiff is advised that pursuant to Federal Rule of Civil Procedure 8(a), all that is required is a "short and plain statement

of the claim showing that the pleader is entitled to relief." **Plaintiff is strongly encouraged to utilize the standard civil rights complaint form when filing any amended complaint, <u>a copy of which is attached</u>.** In any amended complaint, Plaintiff should identify the nature of each separate legal claim and make clear what specific factual allegations support his claims. Plaintiff is strongly encouraged to keep his statements concise and to omit irrelevant details. It is not necessary for Plaintiff to cite case law or include legal argument.

**Plaintiff is explicitly cautioned that failure to timely file a First Amended Complaint, or failure to correct the deficiencies described above, will result in a recommendation that this action be dismissed with prejudice for failure to prosecute and obey Court orders pursuant to Federal Rule of Civil Procedure 41(b). <u>Plaintiff is further advised that if he no longer wishes to pursue this action he may voluntarily dismiss it by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1). A form Notice of Dismissal is attached for Plaintiff's convenience.</u>**

DATED: April 13, 2017

/S/
SUZANNE H. SEGAL
UNITED STATES MAGISTRATE JUDGE

**THIS DECISION IS NOT INTENDED FOR PUBLICATION IN LEXIS, WESTLAW OR ANY OTHER LEGAL DATABASE.**