**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HOY CHAN,<br><br>        Plaintiff,<br><br>  v.<br><br>ORRY MARCIANO, et al.,<br><br>        Defendants. | Case No. EDCV 16-2513 R (SS)<br><br>**MEMORANDUM AND ORDER**<br><br>**DISMISSING FIRST AMENDED**<br><br>**COMPLAINT WITH LEAVE TO AMEND** |

**I.**

**INTRODUCTION**

On November 6, 2016, Plaintiff Hoy Chan ("Plaintiff"), a state prisoner proceeding pro se, filed a complaint pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 et seq. ("Complaint," Dkt. No. 1). Due to defects in pleading, the Court dismissed the Complaint with leave to amend. (Dkt. No. 5). Plaintiff subsequently filed the instant First Amended Complaint on May 12, 2017. ("FAC," Dkt. No. 6).

Congress mandates that district courts perform an initial screening of complaints in civil actions where a prisoner seeks redress from a governmental entity or employee. 28 U.S.C. § 1915A(a). This court may dismiss such a complaint, or any portion of it, before service of process if the court concludes that the complaint (1) is frivolous or malicious, (2) fails to state a claim upon which relief can be granted, or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). For the reasons stated below, the First Amended Complaint is DISMISSED with leave to amend.[1]

## II.

## **ALLEGATIONS OF THE FIRST AMENDED COMPLAINT**

Plaintiff names the following Chuckawalla Valley State Prison ("CVSP") employees as defendants in their official and individual capacities:[2] (1) physician's assistant and "Primary Care Doctor" Orry Marciano; (2) Nurse Beatres; (3) Warden Kimberly Sibel;

---

[1] Magistrate Judges may dismiss a complaint with leave to amend without approval of the District Judge. See McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

[2] Under section 1983, state officials sued in their official capacity for prospective injunctive relief are considered "individuals" not immune from suit. Flint v. Dennison, 488 F.3d 816, 825 (9th Cir. 2007). Plaintiff seeks injunctive relief on his section 1983 claims. Furthermore, the ADA allows suits for monetary damages against public entities. United States v. Georgia, 546 U.S. 151, 154 (2006). Under Title II, individuals may be sued in their official capacity because claims against them are claims against the governmental agency. Miranda B. v. Kitzhaber, 328 F.3d 1181, 1187-88 (9th Cir. 2003). Thus, Plaintiff's official capacity claims are proper here.

(4) Correctional Officer Anderson; and (5) Correctional Officer Calvillo (collectively "Defendants"). (FAC at 3-4).

Plaintiff, a diabetic with breathing problems, alleges that Marciano discriminated against him because of his alleged disabilities. (Id. at 3, 5). Plaintiff contends that "more than a year" ago, Marciano promised Plaintiff access to an orthopedic doctor, whom Plaintiff alleges he has not yet seen. (Id. at 5). Marciano also prescribed medicine to Plaintiff that has allegedly "deteriorated [his] body." (Id. at 3).

Plaintiff alleges that Nurse Beatres "always denied [his] disability," and yelled at him to stop complaining and "take Tylenol." (Id. at 3, 5). Plaintiff believes that, after Marciano and Beatres told the officers that Plaintiff is not disabled, Anderson and Cavillo "forced [him] to work using chemicals." (Id. at 4). Because Plaintiff's disability was allegedly not "in the system," he was not excused from work and could be written up if he refused. (Id.).

Plaintiff claims that the "severe pain" from his bunion is exacerbated by the heavy work boots he must wear. (Id. at 6). Plaintiff has attached records indicating that therapeutic shoes were prescribed to him after two infirmary visits on February 15 and 23, 2017. (Id. at 7, 14).[3] As of the filing of the First Amended Complaint, he has not received the shoes. (Id. at 6).

---

[3] The Court refers to the documents attached to the First Amended Complaint as if they were consecutively paginated.

3

During the February 23 visit, a cane was prescribed and a follow-up "Orthotics Referral Request" was scheduled for May 23, 2017, citing a "moderate right Bunion." (Id. at 8). Records do not indicate which physician treated him during either visit, but Plaintiff claims that an unnamed "D Yard" doctor recommended the cane. (Id. at 5, 7, 14).

Plaintiff alleges that Warden Sibel "knows what's going on," i.e., that inmates are provided with doctors and nursing staff who do not "[know] their jobs and responsibilities." (Id. at 3). Plaintiff alleges that Sibel is also failing in her "responsibilities to inform or educate her staff" on the importance of operational procedures. (Id. at 5).

The First Amended Complaint claims that Defendants "abused [Plaintiff's] constitutional rights" by discriminating against him in violation of the Americans with Disabilities Act. (Id. at 5-6). Defendants also allegedly inflicted cruel and unusual punishment upon Plaintiff, by forcing him to work and showing deliberate indifference to his medical needs. (Id. at 3-5). The First Amended Complaint also alleges violations of "Title 45" of the California Code of Regulations, which does not appear to exist, and claims that Sibel failed to train and supervise the Defendants. (Id. at 3, 5). Plaintiff's prayer for relief is unclear. (Id. at 6). While Plaintiff vaguely calls for "justice," he also appears to be seeking an injunction, demanding his prescribed therapeutic shoes and a visit to an orthopedic specialist. (Id.). Plaintiff does not request monetary damages. (Id.).

4

# III.

# DISCUSSION

Pursuant to 28 U.S.C. § 1915A(b), the Court dismisses the First Amended Complaint due to defects in pleading. A pro se litigant in a civil rights case, however, must be given leave to amend his or her complaint unless "it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment." See Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation and internal quotation marks omitted). Accordingly, the First Amended Complaint is dismissed with leave to amend.

**A.  Plaintiff Fails To State A Claim Under The ADA**

Plaintiff unsuccessfully attempts to state a claim for relief under the ADA. Title II of the ADA, which "prohibits a 'public entity' from discriminating against a 'qualified individual with a disability on account of that individual's disability,' [] covers inmates in state prisons," (Pennsylvania Dept. of Corr. v. Yeskey, 524 U.S. 206, 208 (1998) (quoting 42 U.S.C. § 12132)), but the allegations here fail to state a claim.

To state a claim under § 12132 of Title II, a plaintiff must allege that:

"(1) he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or

5

activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of [his] disability."

Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1021 (9th Cir. 2010) (quoting McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004)). In order to allege that Plaintiff is disabled under the ADA, he must demonstrate that he has been diagnosed with a condition that substantially limits his life activities. Bragdon v. Abbott, 524 U.S. 624, 631 (1998); see also Weaving v. City of Hillsboro, 763 F.3d 1106, 1111 (9th Cir. 2014) ("A 2008 Amendment to the ADA provides, 'The definition of disability in this chapter shall be construed in favor of broad coverage . . .' 'The term 'substantially limits' shall be interpreted consistently with the [amendment].'") (citing 42 U.S.C. § 12102(4)(A-B)).

"The ADA prohibits discrimination because of disability, not inadequate treatment for disability." Simmons, 609 F.3d at 1022 (emphasis added). Insufficient medical care does not state a claim under the ADA. Id.; see also Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996) ("[T]he Act would not be violated by a prison's simply failing to attend to the medical needs of its disabled prisoners . . . The ADA does not create a remedy for medical malpractice.").

\\

Here, Plaintiff's ADA claim fails because the First Amended Complaint does not allege that Plaintiff was denied access to a governmental benefit <u>because of</u> his disability. Instead, Plaintiff claims that Marciano and Beatres provided substandard care. Plaintiff must allege facts showing that the prison's purported refusal to accommodate his disability prevented him from enjoying the benefits of services, programs or activities provided to non-disabled prisoners, and that he was discriminated against because of his disability.

Additionally, "Title II authorizes suits by private citizens," including prisoners, only "for money damages against public entities that violate § 12132." <u>United States v. Georgia</u>, 546 U.S. 151, 154 (2006) (sovereign immunity does not protect states from ADA claims by state prisoners). Plaintiff does not seek monetary relief. Accordingly, Plaintiff's ADA claim is dismissed, with leave to amend.

**B.      Plaintiff Fails To State A Cruel And Unusual Punishment Claim**

Plaintiff broadly claims that he was subjected to "cruel and unusual punishment." (FAC at 3, 5). This punishment appears to have included forced labor and a violation of some unidentified provision of the California Code of Regulations. (<u>Id.</u> at 5). It is unclear whether Plaintiff is raising this claim against only Anderson and Cavillo, or all of the Defendants.

Infliction of suffering on prisoners that is "totally without penological justification" violates the Eighth Amendment. Rhodes v. Chapman, 452 U.S. 337, 346 (1981) (citation omitted). Only "the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." Whitley v. Albers, 475 U.S. 312, 319 (1986) (internal quotation marks and citation omitted). The pain must amount to "the type of shocking and barbarous treatment protected against by the [E]ighth [A]mendment." Grummett v. Rushen, 779 F.2d 491, 494 n.1 (9th Cir. 1985). To state an Eighth Amendment claim, a prisoner must allege that prison officials acted with deliberate indifference to a substantial risk of serious harm. Farmer v. Brennan, 511 U.S. 825, 828 (1994). Prison officials manifest deliberate indifference if they know of and disregard an excessive risk to an inmate's safety or health. Id. at 837.

Here, Plaintiff alleges that Anderson and Cavillo "forced [him] to work using chemicals." (FAC at 5). The First Amended Complaint fails to show whether the chemicals or the work itself posed any risk to Plaintiff's health, which the Defendants knew and deliberately ignored. Also, to the extent that Plaintiff is attempting to assert that Defendants violated a safety regulation, the First Amended Complaint does not specify which regulation was allegedly violated. See California Code of Regulations, Titles 1-28. However, Plaintiff is advised that the failure to follow a state regulation is not itself a constitutional violation. See Estate of Ford v. Ramirez-Palmer, 301 F.3d 1043, 1052 (9th Cir. 2002). Because Plaintiff does not allege "shocking and barbarous"

8

conduct by any Defendant that would rise to the level of a constitutional violation, the First Amended Complaint fails to state a cruel and unusual punishment claim. See Watison v. Carter, 668 F.3d 1108, 1113 (9th Cir. 2012) (citation omitted). Therefore, the First Amended Complaint must be dismissed, with leave to amend.

**C.  Plaintiff Fails To State An Eighth Amendment Claim For Deliberate Indifference To Serious Medical Needs**

Plaintiff further alleges that Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. Defendants allegedly failed to provide adequate medical care for Plaintiff's bunion, which led, in part, to his deteriorating health. (FAC at 3-6). However, Plaintiff's deliberate indifference claim is defective.

To state a claim for unconstitutional health care services, a prisoner must demonstrate that the defendants were "deliberately indifferent" to his "serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). To establish a "serious medical need," the prisoner must show that "failure to treat [the] prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" Jett, 439 F.3d at 1096 (citation omitted); see also Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (the existence of a serious medical need is determined by an objective standard).

To establish "deliberate indifference" to such a need, the prisoner must demonstrate: "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Jett, 439 F.3d at 1096. Deliberate indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. (citation omitted). Yet, an "inadvertent [or negligent] failure to provide adequate medical care" alone does not state a claim. Id. (citation omitted). The defendant must have been subjectively aware of a serious risk of harm and must have consciously disregarded that risk. See Farmer, 511 U.S. at 839 (1994). An "isolated exception" to the defendant's "overall treatment" of the prisoner also does not state a deliberate indifference claim. Jett, 439 F.3d at 1096.

Here, even if Plaintiff's impairments gave rise to "serious medical needs," the First Amended Complaint does not allege that Marciano and Beatres were subjectively aware of, and deliberately chose to ignore, these needs. On the contrary, the First Amended Complaint indicates Plaintiff's symptoms were treated with medicine and a cane. (FAC at 7, 14-15). Plaintiff's vague allegations that the medicine "deteriorated his health" fail to demonstrate deliberate indifference. (Id. at 3-4); Farmer, 511 U.S. at 835. While the Defendants allegedly also failed to care for Plaintiff's bunion by denying him therapeutic shoes and access to an orthopedic surgeon, a difference of opinion regarding treatment does not give rise to a deliberate indifference claim. Fleming v. LeFevere, 423

F. Supp. 2d. 1064, 1070 (C.D. Cal 2006); see also Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). Additionally, Nurse Beatres' conduct does not rise to the level of a constitutional violation because the First Amended Complaint merely alleges that she lacked compassion by yelling at Plaintiff. (Id. at 3).

Plaintiff does not appear to allege deliberate indifference claims against any of the other three Defendants. Therefore, because the First Amended Complaint acknowledges that Marciano and Beatres took affirmative steps to investigate and treat Plaintiff's complaints, Plaintiff's deliberate indifference claims are dismissed with leave to amend.

**D.   Plaintiff Fails To State A Claim For Failure To Train And Supervise**

Plaintiff alleges that Sibel knows of inmates who have died as the result of medical staff "delaying [and] denying [their] medical needs." (FAC at 3). Plaintiff further alleges that Sibel has failed to "inform or educate her staff on Operational Procedure." (Id. at 5).

To demonstrate a civil rights action against a government official, a plaintiff must show either the official's direct, personal participation in the harm, or some sufficiently direct connection between the official's conduct and the alleged constitutional violation. See Starr v. Baca, 652 F.3d 1202, 1205-06 (9th Cir. 2011). A supervising officer such as Sibel must

personally take some action against the plaintiff or "set in motion a series of acts by others . . . which [s]he knew or reasonably should have known, would cause others to inflict the constitutional injury" on the plaintiff. Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991) (internal quotations omitted). Government officials may not be held liable for the unconstitutional conduct of their subordinates. See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). Rather, a supervisor may only be held accountable "for his own culpable action or inaction in the training, supervision, or control of his subordinates, for his acquiescence in the constitutional deprivations of which the complaint is made, or for conduct that showed a reckless or callous indifference to the rights of others." Preschooler II v. Clark County Bd. of Trustees, 479 F.3d 1175, 1183 (9th Cir. 2007).

The First Amended Complaint does not allege facts that establish that Sibel's failure to train or supervise the Defendants led to violations of Plaintiff's constitutional rights. Plaintiff claims that Sibel failed to educate her staff about "Operational Procedure." Plaintiff fails to explain which procedure he is referring to, why that procedure is relevant to his alleged injuries, or how Sibel failed to train her staff. Plaintiff must allege specific facts showing what Sibel personally did or did not do, and explain how her action or inaction caused a violation of Plaintiff's civil rights. Accordingly, the First Amended Complaint must be dismissed with leave to amend.

\\
\\

**E.   The First Amended Complaint Violates Rule 8**

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted). Rule 8 may be violated when a pleading "says too little" and "when a pleading says too much." Knapp v. Hogan, 738 F.3d 1106, 1109 (9th Cir. 2013) (emphasis in original); see also Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1058-59 (9th Cir. 2011) (a complaint violates Rule 8 if a defendant would have difficulty understanding and responding to the complaint).

The First Amended Complaint violates Rule 8 because Plaintiff does not clearly identify the nature of each of his legal claims, the specific facts giving rise to each claim, or the specific Defendant or Defendants against whom each claim is brought. Plaintiff also makes a passing reference to a mental health program ("HOPE") alleging that it is mere "propaganda," intended to show the "People of California" that the prison cares about inmates, even though many are sick and "the elderly inmates [are] abused by medical staff." (FAC at 5). Plaintiff does not explain the program's relevance to his claims. Without more specific information, Defendants cannot respond to the First Amended Complaint. See Cafasso, 637 F.3d at 1058-59. Accordingly, the First Amended Complaint is dismissed, with leave to amend.

**IV.**

**CONCLUSION**

For the reasons stated above, the First Amended Complaint is dismissed with leave to amend. If Plaintiff still wishes to pursue this action, he is granted **thirty (30) days** from the date of this memorandum and Order within which to file a Second Amended Complaint. In any amended complaint, Plaintiff shall cure the defects described above.

**Furthermore, Plaintiff shall omit any claims or allegations that are not reasonably related to the claims asserted in the First Amended Complaint but shall instead attempt to cure the deficiencies addressed in this Order.** The Second Amended Complaint, if any, shall be complete in itself and shall bear both the designation "Second Amended Complaint" and the case number assigned to this action. It shall not refer in any manner to the original Complaint.

In any amended complaint, Plaintiff should confine his allegations to the operative facts supporting each of his claims. Plaintiff is advised that pursuant to Federal Rule of Civil Procedure 8(a), all that is required is a "short and plain statement of the claim showing that the pleader is entitled to relief." **Plaintiff is strongly encouraged to utilize the standard civil rights complaint form when filing any amended complaint, <u>a copy of which is attached</u>**. In any amended complaint, Plaintiff should identify the nature of each separate legal claim and make clear

what specific factual allegations support his claims.  Plaintiff is strongly encouraged to keep his statements concise and to omit irrelevant details.  It is not necessary for Plaintiff to cite case law or include legal argument.

**Plaintiff is explicitly cautioned that failure to timely file a Second Amended Complaint, or failure to correct the deficiencies described above, will result in a recommendation that this action be dismissed with prejudice for failure to prosecute and obey Court orders pursuant to Federal Rule of Civil Procedure 41(b). <u>Plaintiff is further advised that if he no longer wishes to pursue this action he may voluntarily dismiss it by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1).  A form Notice of Dismissal is attached for Plaintiff's convenience.</u>**

DATED:  June 28, 2017

                                            /S/
                                  SUZANNE H. SEGAL
                                  UNITED STATES MAGISTRATE JUDGE

**THIS DECISION IS NOT INTENDED FOR PUBLICATION IN LEXIS, WESTLAW OR ANY OTHER LEGAL DATABASE.**